# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**FREDDIE B. COLEMAN**              **CIVIL ACTION NO. 07-0594**
     **Fed. Reg. No. 87127-020**

                                   **SECTION P**
**VS.**

                                   **JUDGE MELANÇON**

**UNITED STATES OF AMERICA, ET AL.**     **MAGISTRATE JUDGE METHVIN**

### REPORT AND RECOMMENDATION

Before the court is a Petition for Judicial Review of Administrative Agency Action Pursuant to Title 5 U.S.C §702 filed *in forma pauperis* by *pro se* petitioner Freddie B. Coleman on March 30, 2007. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Complex at Oakdale, Louisiana (FCCO) and is serving a 235 month sentence imposed following his 1998 conviction for unlawful transportation of firearms in the United States District Court for the Middle District of Georgia. [See *United States of America v. Freddie B. Coleman*, No. 1:98-cr-00011]

Petitioner asks the court "to recognize that [his] sentence is being executed as a double jeopardy sentence." He also asks that the BOP "... recalculate [his] sentence considering the 235 month term and 60 month supervised release term together...[1]" [doc. 1-3, p. 19] He names the United States of America, Attorney General Alberto Gonzalez, the BOP and its Director, Harley Lappin, and FCCO Warden Joe Young as defendants.

---

[1] Petitioner claims that his sentence "should be 175 month imprisonment and 60 month supervised release less a good time credit of 15% which equates to approximately 26 months." [doc. 1-3, p. 19]

2

This matter has been referred to the undersigned for review, report, and recommendation in accordance with t he provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED.**

### *Background*

On April 30, 1998 petitioner was indicted and charged with unlawful transportation of firearms in the United States District Court for the Middle District of Georgia. [*U.S.A. v. Coleman*, No. 1:98-cr-00011 at doc. 1] On October 5, 1998 he was convicted [*id.*, at doc. 18] and on January 13, 1999 he was sentenced to serve 235 months imprisonment and 5 years supervised release [*id.* at doc. 21]. On May 26, 2000 his conviction was affirmed in an unpublished opinion of the United States Eleventh Circuit Court of Appeals. [*id.* at doc. 26; see also *U.S.A.  v. Coleman*, 218 F.3d 746 (11th Cir. 2000)(Table)]

On March 12, 2001 he filed a Motion to Vacate pursuant to 28 U.S.C. §2255 [*id.* at doc. 27; see also *Coleman v. U.S.A.*, No. 1:01-cv-00053 at doc. 1].  On September 24, 2001 he filed a Motion to Reduce Sentence [*id.* at doc. 31].  On June 6, 2002 his Motion to Vacate was denied. [*id.* at docs. 41 and 42; see also 1:01-cv-00053 at docs. 2 and 3] On June 10, 2002 his Motion to Reduce Sentence was denied. [*id.* at doc. 43] On July 19, 2002, the district court denied his request for a Certificate of Appealability (COA) [*id.*, at doc.  49], and, on November 25, 2002 the Eleventh Circuit Court of Appeals denied his request for COA. [*id.*, at doc. 51]

On July 14, 2003 he filed a second Motion to Vacate under §2255. [*id.* at doc. 52; see also *Coleman v. U.S.A.*, No. 1:03-cv-00107 at doc. 1]  On October 18, 2004 he filed a motion to withdraw his second and successive §2255 motion. [*id.*, at doc. 56; see also No. 1:03-cv-00107 at

3

doc. 2] On March 4, 2005 his motion to withdraw was granted. [*id*., at doc. 58; see also No. 1:03-cv-00107 at doc. 3]

On November 16, 2005 he filed a Motion to Correct Illegal Sentence. [*id*., doc. 61; see also *Coleman v. U.S.A.*, No. 1:05-cv-00165 at doc. 1] On December 21, 2005 his motion was construed to be a successive §2255 Motion and denied. [*id*., docs. 65-66; see also 1:05-cv-00165 at docs. 3-4]

On February 10, 2005 petitioner, who was then incarcerated at the Williamsburg Federal Correctional Institution (WFCI),  Salters, South Carolina, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the United States District Court for the District of South Carolina. [*Coleman v. U.S.A.*, No. 8:05-cv-00346 at doc. 1] In that petition he attacked the legality of the sentence imposed following his 1998 conviction in the Middle District of Georgia. The federal court in South Carolina determined that petitioner's claims were more appropriately raised in a §2255 Motion and since petitioner did not satisfy the provisions of §2255's "savings clause," his petition was dismissed on March 8, 2005. [*id*., at, doc. 8]

On April 18, 2005 petitioner, who was still incarcerated at WFCI, filed another petitioner for *habeas corpus* in the United States District Court for the District of South Carolina. [*Coleman v. U.S.A.*, No. 8:05-cv-01038 at doc. 1] On May 6, 2005 that petition, which was determined to be substantially identical to the petition filed in No. 8:05-cv-00346 was denied for the same reasons. [*id.* at docs. 6-7]

Petitioner filed the instant Petition for Judicial Review on March 30, 2007 claiming that the court has jurisdiction pursuant to 5 U.S.C. § 702 and the First Amendment to the United States Constitution. [doc. 1-1, p. 1] He claims that pursuant to the statute, an act or decision of an

4

Administrative Agency  (in this case, the BOP)  is subject to judicial review. [*id.*] He implies that he seeks judicial review of the BOP's calculation and enforcement of the sentence imposed following his conviction in the Middle District of Georgia..

In support of his petition, he makes the following claims: (1) that all sentences imposed pursuant to the United States Sentencing Guidelines (USSG) are void because these sentences violate the Fifth and Sixth Amendments [doc. 1-1, p. 2]; (2) that the USSG violate the Constitution's separation of powers provisions in that through the USSG, Congress interferes with judicial discretion  [*id.*, p. 3]; (3) that the USSG are a prohibited "bill of attainder" [*id.*]; (4) that the Supreme Court's invalidation of portions of the USSG render the entire statutory scheme invalid since the enabling legislation passed by Congress did not include a severance clause [*id.*]; (5) that even if sentences imposed pursuant to the USSG are legal, they are currently being executed in an illegal manner by the executive branch of government since 18 U.S.C. §3551 only authorizes three types of sentence: (a) probation, (b) fine, or (c) imprisonment, and, petitioner was convicted of violations of statutes which provided for punishment by either fine or imprisonment and made no reference to supervised release; and, (6) therefore petitioner's sentence, which includes a term of supervised release, is an unauthorized sentence and amounts to a violation of double jeopardy. [*id.*, pp. 3-4]

In his Memorandum in support of his petition, petitioner argues that his sentence, indeed any sentence, which includes a provisions for "supervised release" is illegal and violates the separation of powers provisions of the Constitution as well as the Fifth Amendment's prohibition against double jeopardy. [doc. 1-3, paragraphs 1-29] He maintains, "This issue of execution of sentence continuing a provision of supervised release is not a judicial issue. The Executive forum

5

holds power to adjudicate the matter under its administration of justice mandate." [*id*., paragraph 30] He  argues that the imposition of "supervised release" as part of his sentence was invalid and, that  "... courts have no jurisdiction over the object matter...". [*id*., paragraph 31] He contends that "... reliance on a statute which is subsequently declared unconstitutional does not protect one from civil respossibility [sic] for an act in reliance thereon which would otherwise subject him or her to liability in absence of such statute..." [*id*.] and, since "... the sentence issued by a court and their execution are soley the responsibility of the Executive Branch, and each official is bound to know the law ... it is axoimatic [sic] that prison officials knew on January 12, 2005, Supreme Court notice, they were and are required to take corrective measure, they have failed to act." [*id*., paragraph 32]

He suggests that since the law he complains of was implicitly declared unconstitutional on January 11, 2005 that the calculation of his sentence falls under the law that existed prior to the enactment of the unconstitutional law and therefore, the BOP "... is required to correct all the sentences it has executed previously which they failed to do for two years...."  [*id*., paragraphs 33-34]

He summarizes his argument as follows: (a) the sentence of imprisonment was obtained by an unconstitutional act; (b) the provisions of the sentence provide for "supervised release"; (c) the Executive Branch is charged by law with the responsibility of administering and executing the sentence; and, (d) "[i]mprisonment obtained and continued on non-disclosure of known, relevant materials facts, and law denied prisoners benefit of privileges and rights guaranteed by law ...." [*id*., paragraph 40]  Finally, he concludes with the following:

Petitioner's sentence is not being executed according to Title 18 U.S.C. §3583. Inclusions of a term of supervised release after imprisonment. In general, Petitioner has shown the Court without a reasonable doubt the Petitioner's sentence is not being executed properly. On January 12, 2005, the Supreme Court ruled the undersigned Petitioner's sentence to be unconstitutional and in turn voided the sentence. The Supreme Court ruled that the U.S.S.G. were unconstitutional and struck them down. By doing this, the undersigned Petitioner's 235 month term of imprisonment and 60 month term of supervised release becomes void. The undersigned Petitioner's sentence is a double jeopardy sentence. The Petitioner has completed 114 months of the 235 month term of imprisonment.

Petitioner asks the Court to recognize that the Petitioner's sentence is being executed as a double jeopardy sentence. Petitioner further asks the Court to order the Federal Bureau of Prisons to recalculate the Petitioner's sentence considering the 235 month term and 60 months supervised release less a good time credit of 15% which equates to approximately 26 months...  [*id.*, p. 19]

### *Law and Analysis*

### *1. Petitioner is not entitled to judicial review pursuant to 5 U.S.C. §702.*

Petitioner claims that he is entitled to judicial review of agency action as provided by

5 U.S.C. §702:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

7

Petitioner implies that he is aggrieved by the action of the BOP.  He contends that the BOP has misconstrued and refused to correctly apply the holding of the United States Supreme Court's January 12, 2005 decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Petitioner may not proceed under the above cited statute because the legal wrong he claims to be suffering is not the result of agency action.  Petitioner contends that the BOP is supervising the execution of a sentence which they know to be illegal and unconstitutional. However, the BOP is merely executing the sentence imposed by the United States Court for the Middle District of Georgia.  Petitioner does not suggest that the BOP is in any way violating the mandate of that court.  In short, it is not agency action that petitioner contests; it is the sentence imposed by the United States Court  which petitioner contends is illegal and unconstitutional.

In other words, petitioner complains that his custody is in violation of the Constitution and laws of the United States.  He contends that in *Booker,* the United States Supreme Court implicitly held that all judgments (including the judgment responsible for his present incarceration) issued under the United States Sentencing Guidelines are void;  he further argues that the portion of his sentence which provides for supervised release is a violation of the double jeopardy clause.  He maintains that there are no statutes regarding supervised release as a form of punishment**.**  He therefore asks this court to order the BOP to recalculate his sentence to provide for an earlier release date. [doc. 1-3,  p. 19]

The right to proceed under §702 is qualified by the provisions of 5 U.S.C. §704 which provides for judicial review of agency action only if "... there is no other adequate remedy in a court..." (Emphasis supplied)

8

Specific statutes provide the procedures that may be employed by prisoner-litigants, such as petitioner, who seek a speedier release from custody based on the constitutionality of their sentence or the manner in which their otherwise valid sentences are being executed.  For example, 28 U.S.C. §2241 is available and may be used to challenge the manner in which the sentence imposed by a federal court is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000).  28 U.S.C. §2255  provides the exclusive process which allows federal inmates to collaterally attack the legality of their sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  In other words, petitioner may not rely on the provisions of §702 because other adequate remedies have been made available by federal statute.

Further, the final sentence of 5 U.S.C. §702 states, "Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  Petitioner may not rely on 5 U.S.C. §702 because as is shown hereinafter,  28 U.S.C. §§2241 and 2255 provide limitations on judicial review of the constitutionality of petitioner's sentence and absolutely forbid in this instance, what amounts to a collateral attack on petitioner's federal sentence.

**2. Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. §§2241 or 2255.**

28 U.S.C. §2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir.1990)).  However, a Motion to Vacate must be filed in "... the court which imposed the sentence..." and the approval of the appropriate circuit court of appeals must be

9

sought before a prisoner may file a second or successive motion in the district court.  In other words, 28 U.S.C. §2255 provides an adequate remedy to collaterally attack this sentence. As shown above, petitioner has already availed himself of this remedy by filing §2255 Motions in the United States District Court for the Middle District of Georgia; in order to seek collateral review of the legality of his sentence under §2255, he must first seek the approval of the United States Court of Appeals for the Eleventh Circuit.  In any event, petitioner may not seek relief under §2255 in this court.

Petitioner might rely on 28 U.S.C.  §2241 to challenge the legality of his sentence but only if he can first satisfy  §2255's "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 in the district where he is incarcerated if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

10

_____Petitioner attacks the legality of the sentence imposed by the United States District Court for the Middle District of Georgia. He claims that his sentence was rendered unconstitutional by the Supreme Court's decision in *Booker*; additionally, or alternatively, he claims that his sentence is unconstitutional because it provides for supervised release. Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255.  As shown above, petitioner has previously sought relief under §2255 and before he can file a second or successive Motion to Vacate, he must obtain the approval of the appropriate Circuit Court of Appeals.  Petitioner is not entitled to relief under the "savings clause" since he has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or his previous  Motions to Vacate.  Petitioner implies that the United States Supreme Court's holding in *Booker* affords him relief from his sentence imposed by the United States District Court for the Middle District of Georgia, however, the Fifth Circuit has specifically held that *Booker* is not retroactively applicable on collateral review and does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir.2005).

### 3. Conclusion

Petitioner has previously and unsuccessfully attempted to collaterally attack his sentence in the United States District Court for the Middle District of Georgia. [2]  He has twice

---

[2]  See the March 12, 2001 Motion to Vacate [*Coleman v. U.S.A*, No. 1:01-cv-00053]; July 14, 2003 Motion to Vacate [*Coleman v. U.S.A.*, No. 1:03-cv-00107]; and November 16, 2005 Motion to Correct an Illegal Sentence which was construed as a second and successive Motion to Vacate [*Coleman v. U.S.A.*, No. 1:05-cv-00165].

11

unsuccessfully attempted to collaterally attack his sentence in the United States District Court for the District of South Carolina.[3]

Notwithstanding his present attempt to litigate this claim under the provisions of 5 U.S.C. §702, his pleadings clearly establish that he is attempting yet another collateral attack on his federal sentence in this court.  Federal law provides adequate remedies for such collateral attacks.  Finally, the statute he relies upon neither "... affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground..."; nor "confers authority to grant relief if any other statute ... expressly or impliedly forbids the relief which is sought."  5 U.S.C. §702.. In short, petitioner is not entitled to relief under 5 U.S.C. §702; federal law provides an adequate judicial remedy to collaterally attack the legality of a prison sentence; however,  his current attempt to collaterally attack the constitutionality of his federal sentence in this court is expressly forbidden by §§2241 and 2255 and the  jurisprudence interpreting both statutes.

Therefore,

 **IT IS RECOMMENDED THAT** the Petition for Judicial Review be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[3]  See the February 10, 2005 petition for *habeas corpus* [*Coleman v. U.S.A.*, No. 8:05-cv-00346] and, the April 18, 2005 petition for *habeas corpus*. [*Coleman v. U.S.A.*, No. 8:05-cv-01038].

12

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 14, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)